UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KYLE ALEXANDER FARRAR, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-2570 |
| § | |
| WILLIAM STEPHENS, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff Kyle Alexander Farrar, an inmate in the Texas Department of Criminal Justice ("TDCJ"), filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights. He names seven defendants: William Stephens, Director of the TDCJ'S Correctional Institutions Division; Brad Livingston, Executive Director of TDCJ; Caleb M. Brumley a TDCJ Corrections Officer; Rodrick Smith, a TDCJ Corrections Sergeant; Bruce D. Baggett a TDCJ Corrections Captain; and Kevin Mayfield and Billy Hirsch, TDCJ Wardens. All defendants except Stephens moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, defendants' motion is GRANTED. In addition, the Court *sua sponte* dismisses defendant Stephens.

### I.   Background

Plaintiff alleges that defendants have violated his Eighth Amendment rights by requiring him to "four step" on a number of occasions. He explains that "four stepping" is a method of hoeing the ground where inmates stand in a line and hoe the ground in unison at a pace set by a corrections officer or an inmate designated by the officer. *See* Plaintiff's More Definite Statement ("MDS") at 3-4. Farrar claims that he has suffered blisters on his hands, bruises on

his feet, ankles, and legs, and general exhaustion and feelings of being dehumanized as a result of this forced four stepping. *Id.* at 4-6.

On November 22, 2013, all defendants except defendant Stephens filed their motion to dismiss. It appears that Stephens has not been served with a summons and complaint. On December 27, 2013, Farrar responded to the motion

**II. Analysis**

    **A. Standard of Review**

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

    **B. Personal Involvement**

To prevail on his claims, plaintiff must demonstrate that a defendant was personally involved in the alleged constitutional violation. *See Jones v. Lowndes County, Mississippi*, 78 F.3d 344, 349 (5th Cir. 2012). Plaintiff makes no allegations that Livingston, Mayfield, or Hirsch was personally involved in any alleged civil rights violation. While Farrar specifically alleges that defendants Brumley, Smith, and Baggett were directly involved in requiring him to

four step, he sues Livingston, Mayfield, and Hirsch solely in their supervisory capacities: Livingston as Executive Director of TDCJ, and Mayfield and Hirsch as Wardens at the TDCJ's Wynne Unit. Supervisory officials, however, cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Therefore, defendants Livingston, Mayfield, and Hirsch must be dismissed from this case.

### C. Eighth Amendment

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain, prison conditions grossly disproportionate to the severity of the crime warranting imprisonment, and the deprivation of the minimal civilized measures of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). However, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* In applying the *Rhodes* standard, the Fifth Circuit has held that "the Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

The only physical injuries Farrar alleges are blisters, bruises, and exhaustion. Farrar cites no case law holding that such *de minimis* physical consequences of prison labor raise an Eighth Amendment issue. It seems clear that these normal incidents of hard physical labor fall under the category of "discomfort," not "health threats." *Wilson*, 878 F.2d at 849. Therefore, under the standards set out in *Rhodes* and *Wilson*, Farrar fails to state a claim under the Eighth Amendment

### D. Qualified Immunity

"[G]overnment officials performing discretionary functions [have] qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Whether a defendant asserting qualified immunity may be personally liable turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law." *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992).

As discussed above, plaintiff's allegations do not establish a constitutional violation. Even if the allegations could be read as establishing such a violation, however, there is no clearly established law so holding. Indeed, plaintiff fails to cite a single case holding that four stepping is unconstitutional and this Court has found no such case. Therefore, the defendants' actions were, at a minimum, objectively reasonable in light of clearly established law. They are therefore entitled to qualified immunity.

### E. *Sua Sponte* Dismissal of Stephens

Section 1915A of title 42 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint.

Defendant William Stephens must be dismissed for all the reasons discussed above: Plaintiff fails to allege any personal involvement by Stephens, the Director of the TDCJ's Correctional Institutions Division, in the allegedly unconstitutional acts; the acts alleged do not

amount to a constitutional violation; and the defendants, including Stephens, are entitled to qualified immunity. Because the complaint presents no cognizable claim against Stephens, he is entitled to dismissal.

### F. Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted, and the Court *sua sponte* dismisses defendant Stephens.

### III. Order

It is ORDERED that:

1. The defendants' motion to dismiss (Dkt. No. 23) is GRANTED

2. Defendant William Stephens is dismissed from this case; and

3. The complaint (Dkt. No. 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 10th day of July, 2014.

_____

Kenneth M. Hoyt
United States District Judge